IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BYRON L. SCOTT,

    Plaintiff,                            No. CIV S-09-0544 DAD P

   vs.

JAMES TILTON, et al.,

    Defendants.                  ORDER

_____/

        On February 25, 2009, defendant Tilton removed this action from state court under 28 U.S.C. § 1441. Defendant Tilton has filed a request, asking the court screen plaintiff's complaint pursuant to 28 U.S.C. § 1915A and asking the court for sixty days from the date of the court's screening order to file a response to the complaint.

        Title 28 U.S.C. § 1441(a) provides that:

> any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

In plaintiff's complaint, he appears to claim that defendants have violated his rights under the First Amendment. Because plaintiff is alleging a violation of his federal constitutional rights, defendant Tilton has properly removed this action from state court.

1

**PRELIMINARY SCREENING**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, ___ U.S. ___, ___, 127 S. Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to avoid dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 127 S. Ct. at 1965. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In his complaint,[1] plaintiff appears to have identified as defendants James Tilton, T. Felker, M. Keating, and D. Dovey and alleges that the defendants have violated his rights under the First Amendment. Specifically, plaintiff's core complaint appears to be that on June

---

[1] The state court documents removed to this court, including plaintiff's complaint, are difficult to decipher because they appear to have been copied poorly. To the extent that the court has misread any of plaintiff's allegations or misidentified any of the named defendants, plaintiff need not be concerned. He will have an opportunity to clarify his claims and the defendants in this matter in an amended complaint.

3

26, 2007, he retrieved a Bible that he purchased from an approved vendor, but he was unable to retrieve four religious cassettes that cost him $39.95. Plaintiff alleges that prison officials indicated on his receipt that the cassettes were regarded as contraband and were either destroyed or donated because plaintiff had not received prior approval for them from Receive and Release personnel. Plaintiff claims that the defendants failed to provide him with the necessary purchase forms for special purchases and have improperly impaired his right to exercise his religion. Plaintiff requests declaratory relief, compensatory damages, and punitive damages.

The allegations in plaintiff's complaint are so vague and conclusory that the court is unable to determine whether the current action is frivolous or fails to state a claim for relief. The complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice to the defendants and must allege facts that support the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support his claims. Id. Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed. The court will, however, grant leave to file an amended complaint.

If plaintiff elects to pursue this action by filing an amended complaint, he is advised that all defendants must be identified in the caption of his pleading and that all defendants must be named, with position and place of employment, in the section of the form designated for that purpose. In addition, in the section of the form complaint in which the plaintiff is required to set forth a brief statement of the facts of the case, he must describe how each defendant has deprived him of his constitutional rights. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and

conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

If plaintiff files an amended complaint, he is also advised that "convicted prisoners do not forfeit all constitutional protections by reason of their conviction and confinement in prison." Bell v. Wolfish, 441 U.S. 520, 545 (1979). However, a prisoner's First Amendment rights are "necessarily limited by the fact of incarceration, and may be curtailed in order to achieve legitimate correctional goals or to maintain prison security." McElyea v. Babbitt, 833 F.2d 196, 197 (9th Cir. 1987). In particular, a prisoner's constitutional right to free exercise of religion must be balanced against the state's right to limit First Amendment freedoms in order to attain valid penological objectives such as rehabilitation of prisoners, deterrence of crime, and preservation of institutional security. See O'Lone v. Shabazz, 482 U.S. 342, 348 (1987); Pell v. Procunier, 417 U.S. 817, 822-23 (1974). These competing interests are balanced by applying a "reasonableness test." McElyea, 833 F.2d at 197. "When a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests." Id. (quoting Turner v. Safley, 482 U.S. 78 (1987)).

Several factors are relevant to a reasonableness determination: (1) whether the regulation has a valid, rational connection to legitimate governmental interests invoked to justify it; (2) whether there are alternative means of exercising the asserted constitutional right; (3) what impact accommodation of the asserted right will have on correctional staff and other inmates, and on the allocation of prison resources in general; and (4) whether there are ready alternatives to the regulation or policy in question, the absence of which is evidence of the reasonableness of the prison regulation. Turner, 482 U.S. at 89-91.

Plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375

F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

## PROCEEDING IN FORMA PAUPERIS

When defendant Tilton removed this action from state court, he paid the filing fee.  However, plaintiff is advised that he should nevertheless file an application to proceed in forma pauperis.  If plaintiff opts to proceed in forma pauperis, he will not be required to complete service of process upon any unserved defendants himself.  If plaintiff demonstrates that he is entitled to in forma pauperis status, and the court determines upon screening that his amended complaint states colorable claims as to any defendants, the court will direct the United States Marshal to serve process upon any unserved defendant on plaintiff's behalf.  If plaintiff opts not to proceed in forma pauperis, pursuant to Rule 4 of the Federal Rules of Civil Procedure, plaintiff will be required to complete service of process upon any unserved defendants himself.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant's February 25, 2009 request to screen the complaint (Doc. No. 1) is granted;

2. Defendant's February 25, 2009 request for an extension of time to file a response to the complaint (Doc. No. 1) is denied as unnecessary;

3. Plaintiff's complaint is dismissed;

4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint"; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed without prejudice;

5. If plaintiff opts to proceed in forma pauperis, plaintiff shall submit thirty days from the date of service of this order a properly completed application to proceed in forma pauperis on the form provided with this order; and

6. The Clerk of the Court is directed to send plaintiff the court's form for filing a civil rights action and the application to proceed in forma pauperis by a prisoner.

DATED: April 6, 2009.

*/s/ Dale A. Drozd*
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
scot0544.14