IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BYRON L. SCOTT,

    Plaintiff,                       No. CIV S-09-0544 GEB DAD P

    vs.

JAMES TILTON, et al.,

    Defendants.                  <u>ORDER</u>

    _____/

          By order filed April 7, 2009, plaintiff's complaint was dismissed and thirty days leave to file an amended complaint was granted. The thirty day period expired and plaintiff had not filed an amended complaint or otherwise responded to the court's order, so the court issued findings and recommendations, recommending dismissal of this action. On June 8, 2009, plaintiff filed timely objections to the findings and recommendations. Therein, plaintiff explains that the complexities of this case, as well as plaintiff's medical problems, make it difficult for him to proceed without counsel. Again, plaintiff requests appointment of counsel.

          As the court previously advised plaintiff, the United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. <u>Mallard v. United States Dist. Court</u>, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel

1

pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.  See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).  Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.  In the present case, the court does not find the required exceptional circumstances.

In the interest of justice, the court will grant plaintiff an additional thirty days to file an amended complaint in accordance with the court's April 7, 2009 order.  However, the court will not vacate its findings and recommendations at this time.  If plaintiff fails to file a timely amended complaint, the court will forward the findings and recommendations, recommending dismissal of this action, to the assigned district judge.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's June 8, 2009 request for appointment of counsel (Doc. No. 12) is denied;

2. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint.  If plaintiff fails to file a timely amended complaint, the court will forward the findings and recommendations, recommending dismissal of this action, to the assigned district judge.

DATED: June 15, 2009.

*/s/ Dale A. Drozd*
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
scot0544.36amc